(No. 20135.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES BARTZ *et al.* Plaintiffs in Error.

*Opinion filed December 18, 1930.*

Eugene L. McGarry, and J. W. Rausch, for plaintiffs in error.

Oscar E. Carlstrom, Attorney General, John A. Swanson, State's Attorney, and Joel C. Fitch, (Edward E. Wilson, and John Holman, of counsel,) for the People.

Mr. Justice DeYoung delivered the opinion of the court:

Charles Bartz, Patrick Coffey and Timothy Yanahan were found guilty of robbery by a jury in the criminal court of Cook county. The jury further found that at the time of the commission of the crime, Bartz was armed with a dangerous weapon and that Coffey and Yanahan had a confederate present so armed to aid and assist them. Judgments were rendered upon the verdicts and the defendants prosecute this writ of error for a review of the record.

At about eight o'clock in the evening of April 20, 1928, three men, each with a handkerchief over the lower part of his face, entered the grocery store of Joseph Malepszy at 5357 South Aberdeen street, in the city of Chicago. Anna Council occupied an apartment to the rear of the store, and Lottie Whitton, her mother, was visiting her at the time. Malepszy had gone to Mrs. Council's kitchen for a drink of water, when his daughter informed him of the presence of the men in the store. Mrs. Council stood in her doorway, and Bartz, one of the men, approached and pointed a revolver at her. He then entered the apartment, commanded Malepszy to raise his hands, and struck him on the chest with the revolver. Bartz ordered the two women to place the contents of their pockets on the table, but neither had anything of value. He then showed her the safety

clasp on his revolver and boasted that he could shoot her and those present if he desired to do so. She told him that she had two children and implored him to leave the premises. Coffey took sixty dollars from the drawer of a counter in the store while Yanahan stood at the front door. Before leaving the three men removed the handkerchiefs from their faces. Malepszy recognized Bartz as the son of a neighbor with whom he had been acquainted for eighteen years, and Coffey and Yanahan as men he had seen in the neighborhood. As they departed, Coffey, addressing Bartz said, "Charley, pop them all before you go." Bartz ran up an alley and Coffey and Yanahan left in an automobile. Shortly thereafter police officers, accompanied by Malepszy, caught Bartz in the vicinity and while no weapon was found on his person, a loaded revolver was discovered in the shrubbery about thirty feet from the spot where he was apprehended. Bartz, at the time of his arrest, denied that he had seen Malepszy, but later, when questioned by police officers at the police station, admitted his participation in the robbery and his ownership of the revolver found in the shrubbery. He also gave the officers the names of men who, he said, were his confederates in committing the crime, but upon investigation no such men could be found. During their search, however, the officers learned that Bartz, Coffey and Yanahan had associated together in the neighborhood, and on the next day, April 21, the two last named were arrested. Coffey admitted on the same day and Yanahan on the next that they were participants in the robbery.

Bartz testified that he was twenty-three years of age and was employed as a chauffeur by his father who furnished automobiles for weddings and funerals; that on April 20, 1928, he worked in his father's garage during the forenoon and in the afternoon visited several places where he drank intoxicating liquor; that in the evening he called at the home of a young woman of his acquaintance but found her absent and was arrested on his return home;

that at the police station the officers gave him more liquor and asked him to sign his name; that he complied with their request but, because of his intoxication, did not know the character of the paper he signed; that he was not acquainted with Malepszy but had heard of him; that he had never met Coffey or Yanahan prior to April 21, 1928, and that he did not believe he was in Malepszy's store on the day the robbery was committed.

From the testimony of Yanahan it appears that he was twenty-six years of age and the foreman of a laundry owned by his brother; that he was arrested early in the morning of April 21, 1928, and although he protested his innocence, the police officers said they would make him confess his participation in the robbery of Malepszy's store; that in carrying out their plan, they beat and kicked him, and to avoid further beating he signed a written statement, the contents of which he did not know; that he was not acquainted with Bartz, and had never seen Malepszy, and that he had not entered the store Malepszy occupied in eleven years. It was stipulated that Yanahan had been convicted of robbery and had served a term in the reformatory.

Charles Cooley, an inmate of the county jail, testified that when Coffey and Yanahan were brought to the jail, the eyes of the former were discolored, he had a scar on his head and his legs were skinned and bruised and that the latter's left eye was black and practically closed, his nose was swollen and his shirt had been torn from his body. John Mackey testified that Coffey repaired his automobile from 6:00 until 10:30 P. M. on April 20, 1928. From the testimony of two witnesses it appeared that Bartz' reputation as a law-abiding citizen in the neighborhood of his residence was good. Coffey, who also signed a confession that, accompanied by Bartz and Yanahan, he robbed Malepszy's store, did not testify before the jury.

Sarah Ratner testified on rebuttal that at about eleven o'clock in the forenoon of April 20, 1928, Bartz, Coffey and

Yanahan appeared in her confectionery store at 4043 Racine avenue, Chicago; that Bartz then pointed at her the revolver which was admitted in evidence in the present case. On cross-examination it was shown that the plaintiffs in error had been acquitted of the charge of robbing Mrs. Ratner's store.

The prosecution offered in evidence the written confessions of Bartz, Coffey and Yanahan. A hearing out of the presence of the jury to determine whether they had been made voluntarily followed. On this hearing Bartz testified that he drank intoxicating liquor several times during the afternoon of April 20, 1928; that he had no recollection of his arrest; that he was given more liquor at the police station; that he was there told forgery had been charged against him and he was asked to sign his name to a sheet of paper and that he did so without any knowledge of its contents. Anton Bartz, the father of the plaintiff in error Bartz, testified that his son was intoxicated at seven o'clock in the evening of April 20. Coffey testified that police officers kicked him and beat him with a rubber hose; that when he was beaten a second time, he fell against a cell door and his head was cut; that he was afterwards given whiskey and signed a confession because he was compelled to do so, and that Yanahan was also beaten. Yanahan testified that, after his arrest, police officers beat him with a hose and kicked him; that he was knocked unconscious and his shirt was torn from his body; that the officers gave him liquor and that he had no recollection that he ever signed a confession. Charles Cooley, an inmate of the county jail testified that late in April, 1928, Coffey's eyes were discolored, the left side of his face was swollen and his legs were skinned and bruised, and that Yanahan's face was swollen, his eyes were black, his nose was skinned and his back was bruised. George Ray, another inmate of the county jail, testified that at the same time, late in April, 1928, Coffey's eyes were blackened and he had a scar on his head and that

Yanahan's nose and eyes were swollen. Four police officers who had custody of the plaintiffs in error at and prior to the time they made the confessions, testified that no force was used and no reward or immunity was promised to obtain the confessions; that none of the plaintiffs in error was intoxicated at the time and that they acted freely and voluntarily when they made and signed the confessions.

The court held the confessions admissible in evidence and parts of each of them were read to the jury. In each instance the court instructed the jury that the confession applied only to the defendant who made it and that it should not be considered as the act of either of the other two. The plaintiffs in error contend that the confessions were involuntary and that the trial court erred in admitting them in evidence.

Confessions are competent evidence only when they are voluntarily made. (*People* v. *Holick,* 337 Ill. 333; *People* v. *Ziderowski,* 325 id. 232; *People* v. *Costello,* 320 id. 79; *People* v. *Fox,* 319 id. 606; *People* v. *Sweeney,* 304 id. 502; *People* v. *Buckminster,* 274 id. 435; *Robinson* v. *People,* 159 id. 115). Upon objection that a confession is involuntary the defendant has the right to have the evidence of the circumstances under which it was made heard by the court out of the presence of the jury for the purpose of determining, as a preliminary question, whether the confession is admissible. (*People* v. *Sweeney, supra; People* v. *Fox, supra*). The rule requiring a showing that a confession is voluntary before it is admissible in evidence was not established to protect a guilty person against his truthful confession, but is designed to guard the innocent against a false confession made under duress, promise of reward of some nature, or other inducement. (*People* v. *Ziderowski, supra*). In determining, as a preliminary question, whether a confession by a defendant is admissible, the court is not required to be convinced, beyond a reasonable doubt, of its voluntary character. Although there may be evi-

dence of threats, physical violence or promises to induce the making of the confession, yet if there is sufficient in the facts and circumstances proved to show that the confession was voluntarily made, there is no abuse of judicial discretion in allowing it to be proved. (*People* v. *Costello, supra*). The decision of the court on the question whether the confession is voluntary will not be disturbed unless it is manifestly against the weight of the evidence. *People* v. *Costello, supra; People* v. *Fox, supra.*

It is not contended that the confession of Bartz was obtained by threats or physical violence. The charge in his case is that he was intoxicated when he was arrested, that one of the police officers gave him more liquor and that in consequence he did not understand or appreciate his act when he signed the written confession. The officer accused of giving Bartz liquor denied the charge and the three police officers who were present and participated in the taking of Bartz' confession testified that he was sober at the time. The claim that the confessions were obtained by resort to physical violence concerns Coffey and Yanahan. Four of the officers who had them in custody and who were present throughout the taking of their confessions and prior thereto, specifically denied that they had been struck or beaten. No suggestion was made at the hearing in the municipal court, which occurred shortly after the confessions were obtained, that Coffey or Yanahan had been subjected to physical violence and apparently no person who participated in or was concerned with that hearing observed that either of them gave evidence of brutal treatment while in the custody of the police officers. When all the facts and circumstances are considered, the trial court was justified in holding that the confessions had been voluntarily made and that they were therefore admissible in evidence.

The contention is made that upon the hearing before the court, in the absence of the jury, to determine whether the confessions of the plaintiffs in error were voluntary, the

court erroneously permitted the assistant State's attorney to interrogate the plaintiffs in error concerning other crimes for the commission of which they had been prosecuted. The jury could not hear either the questions asked or the answers given, and the judge expressly excluded the testimony so adduced from his consideration of the question whether the confessions had been made voluntarily.

It is also contended that the confessions should not have been admitted in evidence because each plaintiff in error, in his confession, named the other two as participants in the commission of the crime charged. A severance was not asked and a motion was not made to exclude from each confession all reference to the two plaintiffs in error who had not signed it. On the trial, the plaintiffs in error insisted that either the whole or none of each confession should be read to the jury. These inconsistent courses cannot be pursued. A defendant must make a timely objection to the introduction of a confession on a specific ground or he is not in a position to complain of its admission in evidence upon a review of the case. (*People* v. *Robinson*, 308 Ill. 398; *People* v. *Bopp*, 285 id. 396, p. 408; *McCann* v. *People*, 226 id. 562; *O'Donnell* v. *People*, 224 id. 218). It is not the duty of the trial court to instruct the jury that a confession, when admitted, may be considered only as against its author, unless the co-defendant desiring such an instruction, requests it. Out of an abundance of caution, however, the court instructed the jury that each confession applied only to the defendant who made it. The contention that the confessions should have been excluded because each named the three plaintiffs in error cannot, in the state of the record, be sustained.

The testimony of Sarah Ratner, it is argued, related to a robbery not connected with the crime charged in the present indictment and was therefore inadmissible. Bartz had denied not only acquaintanceship with Coffey and Yanahan, but also ownership of the revolver found in the shrubbery.

Mrs. Ratner, on rebuttal, testified that the plaintiffs in error appeared in her store shortly before noon on April 20, 1928, and that Bartz then pointed at her the revolver admitted in evidence in this case. The fact that the plaintiffs in error had been tried upon that charge and found not guilty was elicited upon cross-examination. The testimony of Mrs. Ratner was proper in rebuttal to show that Bartz and his confederates were acquainted with each other and that Bartz owned the gun in question; and the incidental showing of the commission of another offense by the plaintiffs in error did not render it inadmissible. *People* v. *Cummings,* 338 Ill. 636; *People* v. *Pargone,* 327 id. 463; *People* v. *Hanley,* 317 id. 39.

A remark of the trial judge in ruling upon an objection to a question propounded by the assistant State's attorney on the cross-examination of Bartz, it is contended, was highly prejudicial to him. Bartz had repeatedly answered on cross-examination that he did not remember, although he had answered the same questions on the preceding day when the hearing was held to determine the competency of his confession. After the assistant State's attorney had asked a certain question the fourth time without result, counsel for the plaintiffs in error interposed an objection to the question and Bartz answered, "I said I didn't remember." The court then remarked "That is the answer, I suppose. He doesn't remember anything." In view of the same non-committal answer to many preceding questions, the court's comment was not unnatural. It was hardly susceptible of the interpretation, insisted upon by the plaintiffs in error, that the court sought to discredit the witness before the jury. It was rather the expression of the court's conclusion that it would be futile for the State's attorney to continue to ask the same question in the hope of receiving a different answer. In any event, Bartz' evasions, by stating through a long cross-examination that he did not

remember, must have been so apparent to the jury that he could not have been prejudiced by the court's remark.

It is contended that the assistant State's attorney read from notes or from a transcript of evidence while he cross-examined the plaintiff in error Bartz. When the objection was made the judge stated that he could see what the assistant State's attorney was doing and that it did not appear he was reading to the witness. An attorney has the right to refresh his memory from notes or from a transcript of testimony while conducting the examination of a witness. The record in the present case fails to disclose that there was any impropriety in the assistant State's attorney's method of cross-examining Bartz.

Complaint is made of the court's refusal to give the jury an instruction relating to the admissibility of confessions requested by the plaintiffs in error. The concluding paragraph of the instruction informed the jury that an uncorroborated confession would not justify a conviction. The confessions admitted in evidence were corroborated. Mrs. Council and Mrs. Whitton identified Bartz as the man who compelled them to raise their hands. Malepszy testified that he recognized Bartz, Coffey and Yanahan, and that they were the men who entered his store and took his money. The requested instruction was not applicable to the facts of the case and was properly refused.

The plaintiffs in error requested an instruction which, in substance, informed the jury that, if they found that the plaintiff in error Bartz, by reason of his intoxication, was unable to realize what he was doing and was incapable of forming an intent, the jury should find him not guilty. The instruction was refused. An instruction upon the subject of drunkenness as an excuse for crime, in the language of the statute, was given at the request of the prosecution. Where intent is a necessary element of the crime charged and the accused person's intoxication is so extreme as to suspend entirely his power of reason and he is, in conse-

quence, incapable of forming an intent, he cannot be convicted of the crime so charged if committed while he was in such a condition, unless the intent was formed before he became intoxicated. He may, however, be convicted of committing, while in such a state of intoxication, a crime which consists only of the doing of acts which are prohibited by law and in which intent is not an element. (*People* v. *Cochran*, 313 Ill. 508; *Crosby* v. *People*, 137 id. 325). In this case proof of intent was not necessary. (*People* v. *Hildebrand*, 307 Ill. 544). It follows that the plaintiff in error Bartz was not entitled to the requested instruction.

The court refused to give the jury an instruction concerning the evidence of Bartz' general reputation, requested by the plaintiffs in error, and complaint is made of the ruling. The instruction contained the statement "and you are instructed that the evidence tending to establish the former good reputation of the defendant, Charles Bartz, may, in itself, be sufficient to raise in your minds a reasonable doubt as to the defendant's guilt, and if you have such a reasonable doubt it is your duty to return a verdict of not guilty." The jury might understand the instruction to mean that the court informed them that the evidence of Bartz' previous good reputation, apart from the other evidence in the case, was sufficient to create a reasonable doubt of his guilt. Good character or reputation is but a circumstance to be considered in connection with all the evidence in determining an accused person's guilt or innocence and that is the function of the jury. If guilt is clearly established, proof of good character or reputation avails nothing. (*Hirschman* v. *People*, 101 Ill. 568; *People* v. *Anderson*, 239 id. 168, p. 184). The court did not err in refusing to give the instruction.

The fourth instruction given at the request of the prosecution concerned the tests which the jury should apply in determining the credibility of the testimony of the person accused. The instruction is the same as the third given

instruction in *People* v. *Flanagan,* 338 Ill. 353, and the objections there urged to it are repeated here. It was there decided that the instruction was not subject to the criticisms made upon it.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*