(No. 27128.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER R. KLEMANN, Plaintiff in Error.

*Opinion filed May 20, 1943.*

FRANK M. DALY, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and HARRY A. HALL, State' Attorney, (GEORGE W. FIELD, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Walter R. Klemann, plaintiff in error, was indicted and tried in the circuit court of Lake county, on a statutory charge of taking immoral, improper and indecent liberties with a certain male child of the age of thirteen years, in violation of the Criminal Code. (Ill. Rev. Stat. 1941, chap. 38, par. 109.) He was found guilty by a jury and motions made at the close of the evidence to strike the testimony of the complaining witness and to find the defendant not guilty were overruled. After a verdict, motions for a new trial and in arrest of judgment were denied and plaintiff in error was sentenced to the penitentiary. To reverse the conviction and sentence, this writ of error is prosecuted. Counsel for plaintiff in error presents for consideration three contentions in opposition to ihe judgment and sentence: first, that the court should have quashed the indictment; second, that there is a fatal variance between the allegations and the proof; and third, that defendant was too intoxicated to form an intent.

The fourth count of the indictment, on which the defendant was convicted, was in the words of the statute. A similar indictment was held sufficient in *People* v. *Scattura,* 238 Ill. 313, wherein this court said: "It is sufficient to charge the offense in the language of the statute when the words of the statute so far particularize the offense that by their use alone the defendant is notified, with reason-

able certainty, of the precise offense with which he is charged. * * * The indictment was substantially in the language of the statute and was entirely sufficient to notify the defendant of the nature of the offense with which he was charged. The motion to quash was properly overruled." The application of that case and a similar holding in *People* v. *Crane,* 302 Ill. 217, to the indictment under consideration is complete and renders further discussion of the first contention unnecessary. The cases cited by counsel for plaintiff in error to the effect that charging more than one act in the disjunctive renders the indictment defective for uncertainty, are readily distinguishable.

It is next contended there is a fatal variance between the proof and the allegations as set forth in the indictment. With this contention we cannot agree. The indictment charges the plaintiff in error with taking certain immoral, improper and indecent liberties with a certain male child under the age of fifteen years and of the age of thirteen years, with the intent of arousing, appealing to or gratifying the lust, passions, or sexual desires of the said plaintiff in error, or of the said child, or of both, and the charges are amply supported by the proof. It is true if the acts complained of amounted to merely an attempt, there would be a fatal variance, as urged by counsel for plaintiff in error. However, the acts as committed on the person of prosecuting witness in this case are such acts as constitute the crime of taking indecent liberties with a child, as charged in the indictment.

The final inquiry is whether plaintiff in error was sufficiently intoxicated, at the time he committed the acts complained of, to excuse the crime. The common-law rule has always prevailed in this State that voluntary intoxication affords no excuse for crime. (*McIntyre* v. *People,* 38 Ill. 514; *Rafferty* v. *People,* 66 Ill. 118; *Fitzpatrick* v. *People,* 98 Ill. 269; *Bartholomew* v. *People,* 104 Ill. 601;

*Dunn* v. *People,* 109 Ill. 635; *Crosby* v. *People,* 137 Ill. 325; *Addison* v. *People,* 193 Ill. 405; *Bruen* v. *People,* 206 Ill. 417; *Bleich* v. *People,* 227 Ill. 80; *People* v. *Gilday,* 351 Ill. 11.) That rule has been woven into our statute, (Ill. Rev. Stat. 1941, chap. 38, par. 599,) which provides that "drunkenness shall not be an excuse for any crime or misdemeanor, unless such drunkenness be occasioned by the fraud, contrivance or force of some other person for the purpose of causing the perpetration of an offense." In the instant case there is no claim that the intoxication relied on as a defense was involuntary.

It is insisted however, that there is an exception to the above general rule, which is as well established as the rule itself, to the effect that where a specific intent is an essential element of the crime charged, the defendant is not guilty if he was intoxicated to such a degree as to be unable to form an intent. That exception was authoritatively recognized by this court in the late case of *People* v. *Gilday,* 351 Ill. 11. This supposed exception to the rule, to be exact, is not an exception proper, but a superimposed rule applicable only where the offense is, by law, made to depend upon the state or condition of the mind of the accused at the time, for if the act must be committed with a specific intent, and the defendant is incapable of forming any intent whatever, the offense has not been committed. While drunkenness is no excuse for any act done or committed, the want of mind operates, not to excuse the crime, but to render the accused incapable of committing it. (*Crosby* v. *People,* 137 Ill. 325; *People* v. *Bartz,* 342 Ill. 56; *Schwabacher* v. *People,* 165 Ill. 618.) Since specific intent is an ingredient of the crime charged, it was proper for the defense to offer evidence to prove that defendant was intoxicated to that degree that he was incapable of entertaining the specific intent, and that he neither then nor afterwards yielded it the sanction of his will. (*Schwabacher* v. *People,* 165 Ill. 618; *Bruen* v. *Peo-*

*ple,* 206 Ill. 417.) Such proof is competent to show that an indispensable element of the crime was wanting. (*Addison* v. *People,* 193 Ill. 405.) The fact that defendant's drunkenness was voluntary does not render the defense incompetent, because an intent to become intoxicated would not tend to prove an intent to take indecent liberties with a child. (*Addison* v. *People,* 193 Ill. 405.) The question properly and squarely presented here is, was plaintiff in error intoxicated to that degree that he was incapable of entertaining the specific intent which is, by the statute, made an essential ingredient of the crime charged?

To prove the charge, the prosecuting witness, a boy of thirteen years of age, testified that he had a job at a carnival stand or concession at an American Legion celebration held at Antioch, in Lake county, during the month of July, 1942; that on the day in question, in the forenoon, he met and talked with plaintiff in error, who occupied a stand about twenty-five to fifty feet away, where he was engaged in the business of engraving names on metal pins; that he told plaintiff in error he was looking for a job; that in the afternoon he again saw plaintiff in error who inquired if he had a job yet and the witness said he was waiting for an answer; that plaintiff in error then asked him if he wanted to go to his room and help him change his shirt; that the time was about five o'clock although it was not quite dark; that he told plaintiff in error that he had a job and did not know if the man would let him go; that plaintiff in error asked the man witness was to work for if he could go and the man consented; that he then accompanied plaintiff in error and they walked hand in hand through a small cluster of trees to plaintiff in error's room at a boarding house about a block and a half from the carnival grounds; that when they arrived at plaintiff in error's room on the second floor, plaintiff in error took off his coat, laid it on the bed, then went to a dresser and got a shirt, took off his

shirt and started to put the other shirt on but could not get it buttoned so witness buttoned the shirt for him. He further testified that after plaintiff in error got his shirt on he started to hug witness and took one hand and put it where witness's trousers were buttoned and kept saying, "Come on"; that he kept hugging the witness and trying to kiss him and witness prevented him from opening up his trousers. Plaintiff in error repeated these acts until witness broke away from him and ran back to the carnival grounds; that plaintiff in error returned about five minutes later. Witness also testified that plaintiff in error acted strangely and that he smelled liquor on his breath.

Plaintiff in error testified that he was thirty-two years of age, was the son of an operator of a Wisconsin cheese factory; that he had a high school education and was graduated from the Standard School of Floral Designing; that he was formerly an organist at the St. Matthews Lutheran Church at Oconomowoc, Wisconsin; that he came to Antioch on July 14, to attend an American Legion Festival; that after setting up his engraving booth the next morning, several persons connected with the celebration invited him to have some beer at a nearby tavern; that the time was around 10:30 o'clock in the morning; that they drank whiskey and bottle beer; that he drank possibly three or four drinks of whiskey and eight bottles of beer; that after an hour there he went back to the park and later on back to the tavern and had some more to drink and was drinking there an hour or so; that he went back to the grounds again and sat around awhile. Later in the afternoon he went back to the first tavern he was in and was refused drinks; that he went to another tavern and had more to drink; that he remembered nothing after that until about two or three o'clock the next day. He further testified that he was very sick, did not remember the boy who testified against him, that he had never before been arrested or in jail, was not an habitual drinker

and had never before, at one session, drunk as much as three or four whiskies and eight bottles of beer. He testified that he did not remember asking the boy to go to his room and had no recollection of anything he did until three o'clock the next afternoon. Several witnesses called by him, testified as to his intoxication around five o'clock on the day in question.

Six character witnesses testified that his reputation for chastity, morality and decency was good. This testimony included that of the pastor of a church where he had been organist; however, this witness's testimony was confined to a period five years prior to the date in question. This, of course, was proper evidence; however, good .character or reputation is but a circumstance to be considered in connection with all the evidence in determining an accused person's guilt or innocence and such determination is the function of the jury. If guilt is clearly established, proof of good character or reputation avails nothing. *People* v. *Bartz,* 342 Ill. 56; *Hirschman* v. *People,* 101 Ill. 568; *People* v. *Anderson,* 239 Ill. 168, 184.

It seems evident, from the testimony and the circumstances surrounding the alleged offense, that the question of the intention of the plaintiff in error was manifestly one upon which the verdict of the jury must be conclusive and that the judgment should not be reversed unless prejudicial error occurred on the trial. No such error appears, which leaves only the question as to whether or not plaintiff in error was intoxicated to such a degree as to be unable to form any intent and therefore could not have committed the crime as charged.

One of plaintiff in error's witnesses testified that, while plaintiff in error was intoxicated, he was capable of handling himself, and while his conversation was incoherent, he was very jovial over the fact that he had secured a concession at the carnival. The evidence reveals that plaintiff in error was able to make a request that the

prosecuting witness accompany him to his room, and was able to walk a block and a half thereto, go immediately to his room and directly to the dresser and secure a shirt from a drawer, which he had come for and, within five minutes after the alleged crime was committed, return to the carnival grounds. Such circumstances refute the claim of the plaintiff in error that he was intoxicated to such a degree as to not know what he was doing and that he did not have a mind sufficient to form an intent. These facts and circumstances were before the jury for consideration, it heard all of the evidence and it was its duty to determine the credibility of the witnesses, and its verdict will not be disturbed, as it cannot be said the proof is so unsatisfactory as to justify us in entertaining a reasonable doubt as to plaintiff in error's guilt. *People* v. *Lanie*, 378 Ill. 320.

From a careful examination of the record in this case we are satisfied that the verdict of the jury is supported by competent and credible evidence and that no errors of law have intervened resulting in prejudice to plaintiff in error. For these reasons, the judgment of the circuit court of Lake county is affirmed.

*Judgment affirmed.*