**People of the State of Illinois, Plaintiff-Appellee, v. Roy Clifford Swafford, Defendant-Appellant.**

Gen. No. 66–108.

Fifth District.

December 7, 1967.

Cohn, Cohn & Korein, of East St. Louis (Sandor Korein, of counsel), for appellant.

Robert N. Gandy, State's Attorney of Perry County, of Pinckneyville, for appellee.

MORAN, P. J.

The sole question on this appeal is whether a sentence of not less than fifty or more than seventy-five years in the penitentiary following a plea of guilty to burglary with intent to commit a theft is so excessive that we should reduce the sentence imposed by the trial court, pursuant to the power granted courts of review in Illinois under chapter 38, section 121–9(b)4 of the 1963 Illinois Revised Statutes.

An information was filed by the State against the defendant charging him with knowingly and without authority entering the domicile of one Betsy Smith without

her permission with intent to commit a felony or theft. He was brought before the Court of Perry County for arraignment and an attorney was appointed to represent him. His attorney advised the court that the defendant wished to enter a plea of guilty. The court thereupon admonished the defendant as to the consequences of his plea and advised him that the punishment on his plea could be no less than one year in the penitentiary nor more than any term set by the court. After being so admonished by the court, the defendant signed a form waiving trial by jury and pleading guilty to the offense charged. He further waived the right to be indicted by a grand jury and consented to be prosecuted under the information. The court then accepted his plea of guilty and sentenced him to the penitentiary for a term of not less than fifty years nor more than seventy-five years.

After this occurred, the court advised the defendant that before the execution of the mittimus he had a right to bring in witnesses to testify in mitigation of the offense and the State's Attorney had a right to show facts in aggravation. The court then asked the defendant if he cared to testify, but the defendant did not answer. The court then interrogated the defendant who testified as follows: He last got out of the penitentiary, which was March 22, 1965, from Menard, Illinois, and that there was no job waiting for him when he got out; that he was employed in Rockford, Illinois, making $2.47 an hour as a pump operator where he worked a month. Then he went back to Centralia and looked for steady employment, but was only able to get odd jobs. He was in Centralia for two or three months. The last time he had an odd job was sometime in August; that he had continued hunting for steady employment, and went to Johnson City where his uncle had no work and could not help him, and he tried to get a place to stay, but he didn't know anyone who lived there; that he did everything he could, tried to help

177

recover everything, that his people were not able to help him; that he tried to get a job in the coal mine, but couldn't find any work. He was involved in another crime in 1946, and he got a year in Louisiana for theft, got out for good behavior in ten months and eight days; that next was the Federal Government where he was sentenced for eighteen months and got off for good behavior in fourteen months. Then he was sentenced for nine years in the State of Missouri for burglary and larceny of a motor vehicle, and in 1957 sentenced to Statesville for theft for five to ten years. He served six years and eight months and was out on good behavior. He is presently out on bond in Rockford, Illinois. He did not know what he was charged with there, but thought that it was for not having a driver's license; that in the crime he was presently accused of, he took a vacuum cleaner and one Treasury Department income check. He had taken checks sometime before but he was not convicted. This was back in 1949. He has spent half of his life in prison; that he was twenty-two at the time he was first convicted, having just gotten out of the Navy; that in being around Johnson City, he had slept the last few weeks in the car; that when he had money and could afford it, he stopped at a hotel; that he bought a 1958 Edsel in Rockford, paid down $20, having made one payment since.

The court then stated it found no mitigating circumstances here, and affirmed the sentence confining the defendant to the Illinois State Penitentiary for not less than fifty years nor more than seventy-five years. The court stated, "Don't think for one moment I hold malice toward you; this is the first time I ever saw you. It is not in my heart to hate you; certainly one I don't know. I feel I have no alternative. I think it is my sworn duty to see you confined. That is all."

The record includes a judgment order signed by the trial judge and filed August 26, 1965, a two-page document titled "Official Statement," with no file mark,

denoting name of the defendant, his age, the date of the plea, the name of the judge, date of sentence, the name of the State's Attorney, defense attorney, the crime committed and a listing of a previous criminal record with the places of confinement, and another untitled statement submitted by the trial judge and signed by the State's Attorney in which the goods that were taken in the burglary were set forth. The statement also disclosed that the defendant had burglarized three other homes in Monroe, Williamson and Clinton Counties.

The general purposes of the criminal code as set forth in chapter 38, section 1–2 are to prescribe penalties which are proportionate to the seriousness of the offense and which permit recognition of the rehabilitation possibilities among individual offenders, and to prevent arbitrary or oppressive treatment of persons accused or convicted of offenses.

We find no precedent in this State for the imposition of so harsh a sentence as was imposed in this case. In People v. Lillie, 79 Ill App2d 174, 223 NE2d 716, the trial court, after hearing in aggravation and mitigation, sentenced the defendant to a minimum of twelve years and a maximum of eighteen years in the penitentiary on his plea of guilty to a charge of burglary. This court reduced that sentence to a minimum of five years and a maximum of eighteen years. In People v. Grigsby, 75 Ill App2d 184, 220 NE2d 498, the trial court imposed a sentence of not less than five years nor more than fifteen years in the penitentiary following a plea of guilty to a charge of burglary with intent to commit a theft. The defendant was a first offender, 27 years of age, but there were some aggravating circumstances. This court reduced the sentence in that case to a minimum of two years and a maximum of five years. In People v. Stevens, 68 Ill App2d 265, 215 NE2d 147, the Appellate Court held that a sentence to the penitentiary for a term of not less than two years nor more than six years was not an excessive

punishment to impose on a defendant who had been in various penal institutions since 1941 under charges including burglary, petty larceny, drunkenness, forgery and shoplifting, and who was addicted to the use of alcohol.

Based on the record before us, we conclude that the general purposes of the criminal code would be best carried out by a minimum sentence of seven years and a maximum sentence of twenty years. In our judgment this imposes a penalty proportionate to the offense committed and gives a great deal of discretion to the parole authorities.

For the reasons herein set forth, the judgment and sentence of the Circuit Court of Perry County are modified to provide.that the sentence imposed on the defendant be confinement in the penitentiary for a term of not less than seven years nor more than twenty years and as so modified, the judgment is affirmed.

Judgment modified and as modified, affirmed.

GOLDENHERSH and EBERSPACHER, JJ., concur.