**People of the State of Illinois, Plaintiff-Appellee, v. Walter Marshall, Defendant-Appellant.**

Gen. No. 52,072.

First District, First Division.

May 27, 1968.

Lionel I. Brazen, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James R. Truschke, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

In a jury trial, defendant was found guilty of robbery and sentenced to 5 to 12 years in the penitentiary. On appeal defendant complains of trial errors, erroneous instructions, and asserts that his sentence is excessive and should be reduced.

The evidence shows that on the afternoon of April 4, 1966, after boarding a CTA bus, and in the presence of about twenty-five passengers, defendant, in a threatening manner, demanded money from the bus driver. He took eight single-dollar bills from the driver and "made a pass at the [money] changer."

The driver kept the bus moving and, after going some distance and through a red light, the driver saw a police car and stopped and called to the police. During the ride, the defendant kept threatening to kill the driver if he did not open the door and kicked out the glass in the bus door trying to get the door open.

After the driver told the police that defendant had robbed him, they placed defendant under arrest and took him from the bus. The police made a search of de-

fendant's person and found no weapon. At the direction of the driver and in his presence, they found the eight single-dollar bills in defendant's "right pants' pocket."

The witnesses for the State included the bus driver, the arresting police officer and a passenger who saw and heard the entire occurrence. Over defendant's objection, the court admitted into evidence on behalf of the State the eight dollar bills as a group exhibit.

Defendant testified that he was a resident of Chicago, married and the father of children. On April 4, 1966, he had been drinking whiskey and had been under a doctor's care for a liver ailment; he boarded a CTA bus and handed the bus driver one dollar; that he was suddenly taken sick and asked the driver to let him off the bus; that the driver refused to return the dollar; that he thereupon took the dollar back from the driver and kept demanding his release from the bus because of stomach cramps and illness; that the driver ignored his pleas and kept on going; that he then sought to make his way out by kicking out the door; that he did not take the $8 from the driver; that he was unarmed; that he did not put his hand in his coat in a threatening manner; that he made no hostile gestures toward the driver; that he had told the police that he had no intention of committing a robbery because he was employed; and that in 1955 he was convicted for the crime of armed robbery.

Under cross-examination defendant testified that on April 4, 1966, he had about $16 on his person before leaving home. He made several purchases of liquor and beer, which he drank despite his suffering from a liver ailment; that he never threatened to kill the bus driver; that he gave the driver one dollar; and that he was seized with cramps and sought to leave the bus, and took back his own money.

■ ■ Initially, defendant argues that his mental condition from the combined effects of sickness and heavy drinking was at such a low ebb that the requisite intent

to commit a robbery "could well have been absent." Defendant states, "When ignorance or mistake of fact negatives the existence of an intent essential to the commission of an offense the defendant's ignorance or mistake of fact is a defense," and that an instruction concerning the existence of ignorance or mistake of fact on the part of the defendant should have been given to the jury. If such an instruction was appropriate here, the record indicates that defendant failed to request any such instruction. It has consistently been held in Illinois that if a defendant wishes certain instructions to be given, he should offer them and request the court to give them, since the trial court is under no duty to give instructions on its own motion. (People v. Lindsay, 412 Ill 472, 484, 107 NE2d 614 (1952).) We find no error here.

Defendant next contends that the State's instruction No. 11 was incorrect in that it included, "the intent alleged in the indictment is necessary to be shown. But such intent need not necessarily be proven by direct evidence." Defendant asserts, "There is no mention made at all in the Indictment concerning intent. It is submitted that the jury could well have believed that any forcible taking of property constitutes robbery." Defendant argues that he was entitled to have the jury instructed with substantial accuracy, and an incorrect instruction in a case where the evidence is conflicting is not cured by a correct instruction. Citations include People v. Flynn, 378 Ill 351, 355, 38 NE2d 49 (1941).

■■ The State concedes instruction No. 11 was unnecessary but asserts it was not prejudicial error. In robbery prosecutions under chapter 38, section 18-1, it is not necessary to allege or prove any intent. The indictment here charged the offense of robbery in statutory terms and cited the statute violated, and so particularized the offense that the defendant was notified with reasonable certainty of the precise offense with which he was charged. See People v. Gold, 38 Ill2d 510, 516, 232 NE

2d 702 (1967). We find the giving of instruction No. 11 was harmless error. See People v. Emerling, 341 Ill 424, 428, 173 NE 474 (1930).

■ Defendant next contends that the eight one-dollar bills were admitted into evidence without sufficient foundation in that "this money was not identified with any degree of precision, and when coupled with the fact that defendant, at all times during the alleged robbery had money of his own on his person, it is submitted that the admission of the eight dollar bills into evidence, and then used as an exhibit, was seriously prejudicial to the defendant."

This contention is without merit. Although the bus driver could not identify the exact bills, he did testify that the defendant, from the robbery to the arrest, was never out of his sight. The police found eight dollar bills in the defendant's "right pants' pocket" at the direction of the driver and immediately after the robbery. See People v. Rogers, 16 Ill2d 175, 180, 157 NE2d 28 (1959).

Defendant further contends that the trial court failed to conduct a full and complete hearing in aggravation and mitigation of the offense. The record shows that such a hearing was had, and the transcript of the testimony includes the inquiries of the court and statements of counsel and of the defendant. We find the hearing on mitigation and aggravation complied with the provisions of chapter 38, section 1–7 (g).

■ Defendant finally contends that his sentence is excessive and, "in view of the paltry amount involved," should be reduced so that defendant may rejoin his family and home. Defendant's criminal record commenced in 1952 and included assault with deadly weapon, armed robbery, malicious mischief and drunk and disorderly. Before sentencing defendant to 5 to 12 years in the penitentiary, the trial court remarked, "What do you do with a man with a record like this? Do you permit him

to remain free so he can go and perpetrate other crimes? He has had sufficient time to rehabilitate himself. He has been in jail a number of times."

We agree with the remarks of the trial judge and believe that defendant's rehabilitation seems doubtful, and the primary concern here should be the protection of the public from defendant's proclivities. However, in spite of the character and propensities of the defendant and the chances of reform, after considering the nature of the offense and the attending circumstances here, we believe that the instant record indicates that this is a proper case for the exercise of the power to "reduce the punishment imposed by the trial court." Rule 615(b) (4), Illinois Supreme Court Rules. See, also, People v. Swafford, 89 Ill App2d 176, 179, 232 NE2d 308 (1967).

For the reasons given, defendant's conviction of robbery is affirmed, and defendant's sentence is reduced to a minimum of 3 years and a maximum of 6 years in the Illinois State Penitentiary. As modified, the judgment of the Criminal Division of the Circuit Court is affirmed.

Judgment modified and affirmed.

BURMAN, P. J. and ADESKO, J., concur.