THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SAUNDERS, Defendant-Appellant.

(No. 53942;

First District—October 30, 1970.

Gerald Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The defendant, James Saunders, was convicted of robbery after a trial on May 20, 1968. He was sentenced on June 3, 1968, to serve a minimum of 5 and a maximum of 10 years in the Illinois State Penitentiary. The sentence was to run consecutively to a 5 to 15 year sentence imposed on the defendant on May 27, 1968, after a burglary conviction.

The sentencing order of Judge L. Sheldon Brown recites "and it further appearing to the Court that the said defendant James Saunders in cause Number 68-952 has, on May 27, 1968, been sentenced by the Honorable Judge James D. Crosson of the Circuit Court to imprisonment in the Illinois State Penitentiary for a term of years not less than five (5) years nor more than fifteen (15) years for the said crime of burglary * * * the sentence imposed herein against him in the instant pending cause * * * shall not commence until the expiration of the imprisonment under the sentence of the defendant for the crime of burglary * * *"

The defendant's sole contention in this court is that the sentence imposed in the instant case should be made to run concurrently with the burglary sentence or alternatively should be substantially reduced.

We first note that the defendant mistakenly claims that no order appears of record showing that the sentences are to run consecutively and that the case cited on this contention is therefore inapplicable.

■■ The court may, in its discretion, impose consecutive sentences where a person has been convicted of two or more offenses which did not result from the same conduct. Section 1—7(m) of the Criminal Code of 1961 provides:

"(m) Consecutive and Concurrent Sentences.

When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of im-

prisonment upon any other of the offenses." Ill. Rev. Stat. 1967, ch. 38, par. 1—7(m).

There is no dispute that the criminal conduct of the defendant in the burglary charge which was tried by another judge distinctly separate from his conduct on the involved robbery charge. Under these circumstances there was a proper basis for imposing consecutive sentences.

The facts in the case at bar reveal that the defendant robbed a cab driver of Twenty Dollars ($20.00) and his watch after putting something with a sharp point on the neck of his victim and announcing, "This is a stickup."

The Court conducted a hearing in aggravation and mitigation. In aggravation the State informed the Court that the defendant had been convicted of robbery in 1964 and sentenced to 2 to 3 years in the Illinois State Penitentiary, that the defendant had been convicted of burglary in 1968 and had been sentenced to 5 to 15 years in the Illinois State Penitentiary, and that the defendant had committed the burglary while he had been free on bond pending trial. In mitigation the defendant testified that he was 21 years old, that his father was deceased, that he lived with his mother and family, that he had passed the high school equivalency test, that he had been employed, and that he had contributed to the support of his family.

The sentence imposed in the instant case in combination with the sentence imposed after the burglary conviction require that the defendant serve a minimum of 10 and a maximum of 25 years in the Illinois State Penitentiary.

We believe that the instant record indicates that this is a proper case for the exercise of the power to "reduce the punishment imposed by the trial court." (Rule 615(b)(4), Illinois Supreme Court Rules, Ill. Rev. Stat. 1967, ch. 110A, par. 615(b)(4).) See also *People v. Marshall*, 96 Ill.App.2d 124, 238 N.E.2d 182.

For the reasons given, the defendant's conviction of robbery is affirmed, and the defendant's sentence is reduced to a minimum of one year and a maximum of ten years in the Illinois State Penitentiary, to run consecutively with the sentence of 5 to 15 years given by Judge Crosson. As modified the judgment of the Circuit Court is affirmed.

Judgment modified and affirmed.

MURPHY and ADESKO, JJ., concur.