THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY BERLIN, Defendant-Appellant.

(No. 54477;

First District—April 28, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Bruce M. Jancovic, Shelvin Singer, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Robert L. Best, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Johnny Berlin, was indicted on charges of armed robbery and robbery. After a trial by jury, he was convicted of robbery and sentenced to serve 10 to 15 years in the penitentiary.

On appeal, he contends that the Court erred when it instructed the jury that voluntary intoxication was not a defense to the crime of robbery.

We first briefly set forth the evidence presented at trial. George Delacroix, a desk clerk at the La Salle Plaza Hotel, testified that he was working at the hotel on the night shift during the early morning hours of February 16, 1969. At about 1:30 A.M. he saw the defendant, whom he recognized as having seen the night before in the hotel and he immediately set off an alarm. The defendant walked up to the desk with his hand in his pocket and said, "This is a stickup, give me the money." Delacroix told the defendant to get the money himself, and he opened the wooden door to the vault which the defendant entered. The police soon arrived, and after he pointed out where the defendant had gone, the police arrested him. He heard a policeman ask, "Where's your gun?" and the defendant reply, "you've got me." Delacroix later determined that $37.40 was missing. On cross-examination he stated that he noticed nothing unusual about the defendant's physical condition and that the defendant did not ask him for a room.

Joseph Sanders, a Chicago police officer, testified that he and another officer on February 16, 1969, went to the La Salle Plaza Hotel in response to an ADT alarm. Delacroix pointed to a closed door. He and his partner approached the door with guns drawn, he turned the knob, and then he kicked open the door. He saw the defendant and asked if he had a gun. The defendant replied, "No, you've got me." He searched the defendant and found $37.40 in coins and paper currency. On cross-examination he testified that the defendant did not have a weapon at the time of his arrest and that he noticed that the defendant had been drinking.

At the close of the State's case in chief, the Defendant moved for directed verdicts. The motion was sustained as to the armed robbery charge, but denied as to the robbery charge.

The defendant, Johnny Berlin, admitted going to the La Salle Plaza Hotel early in the morning of the day in question. He had gone to quite a few taverns and he had had too much to drink. He felt sick and entered the hotel to rent a room. He had his hand in his pocket to get the money

to pay for a room, but he did not ask for a room because he was surprised when the clerk said, "Oh, you're here again." He had never been in the hotel before. The clerk then said to him, "Take the money," and somehow he got behind the desk. The next thing he knew the police arrived. When arrested he had $23.00 in currency and a roll of coins. He did not know whether he took the money from behind the desk. On cross-examination he stated that he did not know how he got through the door and into the office, and he denied saying, "This is a stick-up."

On rebuttal, Officer Sanders testified that during his fifteen years as a policeman he had occasion to arrest 300 or 400 persons on charges of driving under the influence of alcohol. Based on his experience and his observations of the defendant it was his opinion that the defendant had been drinking, but that the defendant was not intoxicated at the time of arrest. On cross-examination, he stated that the defendant had carried on an intelligent conversation.

The defendant contends that it was reversible error for the Court to give State's Instruction No. 8 which reads:

"The Court instructs the jury that voluntary intoxication is not a defense to the crime of robbery."

Section 6—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1969, ch. 38 par. 6—3) provides as relevant here that a person who is in an intoxicated condition is criminally responsible for his conduct unless such condition negates the existence of a mental state which is an element of the offense. It is argued that while the defense is more readily available where the charge is one in which a so-called specific intent is an element in the offense, any offense which requires *mens rea*, voluntary intoxication may result in an accused not having the capability to form the state of mind. We are not so persuaded.

■■ Intent is not an element of the crime of robbery and on the charge of robbery intent need not be alleged and proved. (*People v. Marshall*, 96 Ill.App.2d 124, 238 N.E.2d 182.) The statutory definition of robbery proscribes the taking of property from the person or presence of another by the use of force or by threatening the imminent use of force. (Ill. Rev. Stats. (1969), ch. 38, par. 18—1). As we stated in *People v. Bray*, 52 Ill.App.2d 384, 202 N.E.2d 152, a defendant cannot rely on the defense of voluntary intoxication on a charge of robbery, an offense for which no specific intent is required. Our courts have consistently held that this defense may be used only in cases in which the crime involves a specific intent or malice. *People v. Bartz*, 342 Ill. 56, 173 N.E. 779; *People v. Cochran*, 313 Ill. 508, 145 N.E. 207.

Moreover, the evidence shows that the defendant had been seen in the same hotel the day before. His conduct during the robbery was not that

of a man so drunk that he was unaware of what he was doing. An examination of the trial record reveals no support for the contention that the defendant was intoxicated at the time of the robbery. On the basis of the evidence adduced at trial, it is clear that the trial judge properly instructed the jury.

The judgment of the Circuit Court is therefore affirmed.

Judgment affirmed.

ADESKO, P. J., and DIERINGER, J., concur.