**People of the State of Illinois, Defendant in Error, v. Robert Hansen, Plaintiff in Error.**

Gen. No. 48,461.

First District, Second Division.
November 14, 1961.

448

Stephen Lee, of Chicago, for plaintiff in error.

Daniel P. Ward, State's Attorney, of Cook County (John T. Gallagher, and Dean H. Bilton, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court:

On June 25, 1959 plaintiff in error appeared in the Municipal Court on the charge of contributing to the delinquency of a minor. At the conclusion of his trial he was found guilty and sentenced to the County Jail for one year; he began serving his jail sentence immediately. Subsequently, the State's Attorney presented evidence to the July 1959 Grand Jury of Cook County which resulted in a true bill being voted against plaintiff in error charging him with having had intercourse with a fifteen-year old girl. On trial in the Criminal Court on December 16, 1959, on a plea of guilty, he was adjudged guilty of the crime of statutory rape. The court granted his application for release on probation, but with the specific reservation that he spend the first six months in the County Jail, that time to run concurrently with the sentence of one year received in the Municipal Court.

On a hearing on October 28, 1960, following service on Hansen of a rule issued by the Criminal Court on June 8, 1960, a probation officer reported to a judge of the Criminal Court that on May 21, 1960 Hansen had been arrested at 3:30 a. m. while driving a Ply-

mouth sedan; that he admitted taking the car on May 20, 1960 at about 4:30 a. m.; that he started the car by inserting the point of a beer can opener in the ignition; that he kept the car the night (or early morning) of May twentieth and rode around that day and until he was apprehended on May twenty-first; that on May 31, 1960 a warrant was issued for his arrest; that on June 2, 1960 he appeared in the Municipal Court charged with larceny of a motor vehicle; and that the case was continued to June 28, 1960. After several continuances in the Criminal Court following the proceedings on October 28, 1960, a final hearing was had on March 16, 1961, pursuant to which the order of probation was terminated and Hansen sentenced to the penitentiary for a period of two years on the judgment rendered in the indictment for the crime of statutory rape without force, from which Hansen seeks a review by writ of error.

At the hearing Richard Sullivan, the arresting officer, testified that he saw a 1948 Plymouth sedan near the intersection of Milwaukee Avenue and Logan Boulevard driven by Hansen. He noticed that the car had dealer plates of a car which had been reported stolen. He pursued and curbed the car on Milwaukee Avenue a short distance northwest of the intersection. In a conversation with Hansen, who was at the wheel, he asked for his driver's license and identification of the automobile. Hansen told the officer that the car belonged to a friend and that he did not have a driver's license or any other identification. He was then taken to the police station where he admitted that he had stolen the car; while there he stated that he had started the car by inserting a beer can opener in the ignition. He thereafter appeared in the Municipal Court, and from there Officer Sullivan took him to the Psychopathic Hospital. On July 12, 1960 Hansen was committed to the Galesburg State Research Hos-

450

pital, where he remained until October 13, 1960, when he was given an absolute discharge without psychosis.

In the course of the hearing Hansen was asked if he had any explanation as to why he stole the automobile. He replied that he had had "a blackout," that these "blackouts" occurred as the result of his drinking, that he had come to realize the causal relationship between his drinking and the "blackouts," and in consequence had not had anything to drink since the date of his apprehension for car theft. In the course of the trial, his counsel asked, "Did you know you were in that automobile?" to which he replied, "At the time I was in the car I didn't even know I was in the car." After hearing the testimony of the arresting officer, Hansen, and his mother, the court indicated that unless a showing could be made that Hansen was insane at the time he stole the car he would have to be committed on his conviction for statutory rape, saying, "I can't assume he was insane before that, you will have to prove it." Hansen's counsel indicated that he was not ready at that time but would like to present the testimony of a psychiatrist, and the case was accordingly continued.

On March 16, 1961 Hansen's counsel produced Dr. Roberto Rodriguez, a physician and psychiatrist in the Psychiatric Institute of the Municipal Court of Chicago, who stated that he had examined Hansen in May, and again about June 26, 1960, approximately a month after he was arrested for the theft of a car. His finding was that Hansen was psychotic, and it was upon the psychiatrist's recommendation that Hansen was committed to the Galesburg State Research Hospital. When asked his opinion whether, when he examined Hansen in May, he knew the difference between right and wrong, Dr. Rodriguez said that Hansen "was not able to differentiate because he was under a psychotic condition." He also stated that fol-

451

lowing his release from the Galesburg Hospital Hansen had been restored to capacity in the County Court of Cook County. Basing his opinion on examinations made January 4, 1961 and January 7, 1961, Dr. Rodriguez said that Hansen was not completely recovered, that he was still "subject to episodes in which he would be unable to function in a normal way," and that for this reason his concept of reality and of himself as an individual "is not what we would consider normal." Dr. Rodriguez further stated that in his report he recommended continued treatment, and he indicated he believed the prognosis for Hansen to be favorable, provided that he be under continued treatment. On being asked, "You suggested that he . . . [come for treatment]?" the psychiatrist answered, "I suggested that he does, but he has not." "And," inquired the court, "then, there will be continued improvement, probably permanent?" The psychiatrist replied, "I cannot say whether the improvement will be permanent. I feel that the prognosis is good, provided that he himself applies himself under treatment and the treatment is intense."

██ The only evidence offered in support of Hansen's defense of insanity was the testimony of Dr. Rodriguez. It appears from his testimony that Hansen's abnormal conduct was episodic and brought on by the use of alcohol. Under the settled rule in this State voluntary drunkenness is no excuse for the commission of a crime unless the condition of intoxication is so extreme as to suspend all reason. People v. Lion, 10 Ill2d 208, 214–215, 139 NE2d 757 (1957). Hansen testified that when he stole the automobile he "just had a blackout," and added that he had these blackouts from drinking. However, his blackout did not prevent him from carrying off the rather dexterous feat of starting an automobile by substituting a beer can opener for an ignition key; it did not prevent him from

452

driving a car in city traffic with normal ability—he was stopped by a police officer, not for reckless driving, as one would expect from a "blacked-out" individual, but for driving a car with license plates that had been reported stolen; it did not prevent him from fabricating a story in an attempt to protect himself when questioned by the police officer. The court could not reconcile these facts with Hansen's theory of drunken insanity at the time of the commission of the theft. We hold that the court properly held that Hansen did not produce sufficient evidence to overcome the presumption of sanity, and therefore it was unnecessary for the prosecution to prove sanity. People v. Jones, 6 Ill2d 252, 256, 128 NE2d 739 (1955). There was ample evidence on the hearing to support the court's decision that Hansen knowingly violated his probation. Accordingly, the judgment of the Criminal Court is affirmed.

Judgment affirmed.

BRYANT and BURKE, JJ., concur.