**The People of the State of Illinois, Plaintiff-Appellee, v. Edward O. Rose, Defendant-Appellant.**

Gen. No. 69–126.

Second District.

June 4, 1970.

Meyer Z. Grant, of Chicago, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton, and A. E. Botti, Assistant State's Attorney, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The defendant, Edward O. Rose, was found guilty by a jury, of attempted burglary, and was sentenced to from three to six years in a penitentiary. He has appealed to this court, urging reversal of his conviction on the grounds that he was not proven guilty beyond all reasonable doubt; that the trial court erred in allowing the

prosecution to impeach the defendant by introduction and improper use of a prior conviction; and that the trial court erred in not allowing the defense to impeach Lucille R. Smith, a prosecution witness, by use of statements which she made at a preliminary hearing in this cause.

On December 7, 1967, in the early morning hours, Lucille R. Smith, who lived adjacent to a Coast to Coast Hardware Store in Lisle, Illinois, was awakened by a noise at the rear door of the store. She looked out of her bedroom window on the west side of her home and saw a car parked in a parking lot near a rear garage door of the store. She then aroused her husband and while so doing, heard the sound of breaking glass. Upon returning to the window, she saw the same car that had been parked in the lot by the rear door of the store, at the front of the store, and saw a man run from the store to the car, which then proceeded west on Ogden Avenue. No other cars were in the parking lot at the time.

Within a few seconds, she saw a police car which was proceeding east on Ogden Avenue pull into the parking lot of the Coast to Coast Hardware Store, turn around, and proceed west after the car that had left the lot. This police car, driven by Sergeant Schultz of the Lisle Police Department, radioed to another police patrol car, and the car seen leaving the Coast to Coast Hardware Store was stopped. The defendant was one of its occupants.

Sergeant Schultz then returned to the store. He noticed that the panel was knocked out of the rear overhead door of the store and the glass in the front door was shattered. The owner, Floyd Zettel, was called to the store. Zettel testified that he found the glass in the small entrance door broken, and a panel in the rear overhead door knocked out; that they were not in that condition when the store was closed earlier in the evening; that the overhead door track was jammed so that even if one

broke through a panel, the door could not be opened; and that a cast-iron pipe which had been left outside near the overhead door, earlier in the evening, was at a different spot when he returned.

The police officers found a sledgehammer, a pair of night binoculars, and three pairs of gloves in the car in which the defendant and his two companions were riding. The defendant testified that they had been drinking at a bar that evening, and had not stopped at, nor attempted to break into the Coast to Coast Hardware Store.

■ The defendant was charged with, and found guilty of, an attempt to commit a burglary; not with the offense of burglary itself. An "attempt" is defined:

". . . A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." (Ill Rev Stats 1969, c 38, par 8–4(a).)

Thus, two elements are necessary in order for an "attempt" to be committed: (1), an *intent* to commit a specific offense, and (2), some *act* which is a substantial step toward the commission of the offense.

■ The breaking of the panel in the rear door and of the glass in the other door were acts under the surrounding facts of this case which constituted substantial steps leading to the commission of a burglary. These were direct, but ineffectual acts toward its commission. It appears from the testimony of Lucille R. Smith that the would-be burglars quite likely were frightened away from the scene by the approaching police car. She testified that a man ran from the small entrance door, from which the glass was broken, to the car, just seconds before the police car arrived. Thus, if it had not been for the approaching police car, it seems probable in view of the acts already committed, that the crime of burglary

450

would have been completed. There was a near proximity to success in carrying out the burglary; the evidence was sufficient to establish acts constituting substantial steps toward its accomplishment, as required by the statute. The People v. Woods, 24 Ill2d 154, 158, 159, 180 NE2d 475 (1962); People v. Paluch, 78 Ill App2d 356, 358–360 incl., 222 NE2d 508 (1966).

■ We believe that these facts indicate an intent to commit a burglary. The defendant did not admit his guilt, and consequently, there was no direct evidence of his intent to commit a burglary. However, the combined evidence of the breaking of the panel in the rear door and of the glass in another door at the hour of 1:00 a. m., the departure of the car upon the approach of the police, the presence of tools and other suspect items in the car when stopped by the police, and the fact that the defendant was an occupant of the car, warrant the inference of the requisite intent. People v. Gooch, 70 Ill App2d 124, 131, 217 NE2d 523 (1966); People v. Powell, 61 Ill App2d 238, 245, 246, 209 NE2d 345 (1965).

■ The defendant suggests that the evidence of his intoxication negates any possibility of his possessing the requisite intent to commit burglary. For voluntary intoxication to be a legal excuse and render the specific intent impossible, the condition of intoxication must be so extreme as to suspend all reason. People v. Hansen, 32 Ill App2d 448, 452, 178 NE2d 206 (1961). The evidence in this case falls short of this requirement.

■ There is no controlling fact or circumstance which would indicate that the jury's verdict was improper. The close proximity in time of the breaking of the panel in the overhead door and the glass in the small entrance door at the store, the observation of the car, the police action in following and stopping the car, the identification of the defendant and the absence of other vehicles in the area, all reasonably sustain the jury's ver-

451

dict. It is the function of the jury to weigh the evidence and determine the credibility of the witnesses, and this court will not reverse a judgment of conviction on the ground that the evidence is insufficient to sustain the finding of guilt unless there is reasonable and well-founded doubt of the guilt of the accused and the verdict is found to be palpably contrary to the weight of the evidence. We are unable to say that the record in this case indicates a reasonable doubt of the defendant's guilt. The People v. Robinson, 14 Ill2d 325, 333, 153 NE2d 65 (1958) ; The People v. Susanec, 398 Ill 507, 513, 76 NE2d 33 (1947) ; People v. Lofton, 64 Ill App2d 238, 243, 212 NE2d 705 (1965).

■ The defendant contends that the method used by the prosecution to impeach him was improper and prejudicial. The trial court permitted the prosecution to reopen its rebuttal evidence to introduce authenticated copies of the defendant's three prior convictions. It is within the discretion of the trial court to permit a case to be reopened for additional evidence. Unless there is a clear abuse of this discretion, we will not interfere with the discretion exercised by the trial court. The People v. Cross, 40 Ill2d 85, 90, 237 NE2d 437 (1968) ; People v. Parker, 98 Ill App2d 146, 150, 151, 240 NE2d 475 (1968) ; People v. Simpson, 76 Ill App2d 441, 446, 222 NE2d 102 (1966).

■ Contrary to the contention of the defendant, the method used by the prosecution to prove the prior convictions was proper. The People v. Bey, 42 Ill2d 139, 146–148 incl., 246 NE2d 287 (1969) ; People v. Smith, 63 Ill App2d 369, 381, 382, 211 NE2d 456 (1965).

■ As to the defendant's contention that the trial court improperly denied him the right to impeach Lucille R. Smith by the use of her prior testimony at the preliminary hearing, it appears to us from an examination of the record that: (1), her prior testimony was not incon-

452

sistent; (2), the trial court did not deny the defendant the opportunity to impeach her testimony; and (3), there was no attempt by the defendant to introduce into evidence the transcript of her testimony at the preliminary hearing. Thus, we find no merit in the defendant's contention in this respect. The judgment of the trial court is, therefore, affirmed.

Judgment affirmed.

ABRAHAMSON and MORAN, JJ., concur.