THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND FULLER, Defendant-Appellant.

(No. 72-310;

Second District—March 19, 1974.

Ralph Ruebner, Deputy Defender, of Elgin (Richard Wilson, Assistant Appellate Defender, of counsel), for appellant.

Philip Reinhard, State's Attorney, of Rockford (James W. Jerz and Martin Moltz, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant, Raymond Fuller, was convicted of armed robbery after a jury trial and sentenced to 5-15 years in the penitentiary.[1] He contends on appeal that he was not proved guilty beyond a reasonable doubt; and, alternatively, that his sentence was excessive.

Two men, one armed with a pistol, the other with a revolver, and both wearing disguises entered the Minit Mart Grocery Store in New Milford, Illinois, about 9 or 9:30 P.M. on November 24, 1971. After committing the armed robbery the men left the store and a 1960 four-door white Oldsmobile was seen leaving the parking lot. An officer responding to a radio message observed the described car with three males in it, and in the ensuing high speed chase the white Oldsmobile collided with another car and was extensively damaged. Three men, including the defendant, were observed running from the car, and refused to halt on demand. Defendant was apprehended in the vicinity of the crash.

There was further testimony that a .38 snub-nosed loaded pistol was found in the wrecked car together with various wigs, costume pieces and a false beard. Checks and money taken in the robbery were also found in the car. A holster and a revolver were found approximately 40 feet from the Oldsmobile. The gun was identified as one which the defendant had previously purchased. Another small hand gun was found about 2½ blocks from the crash scene.

Fragments of glass were found in defendant's hair when he was apprehended.

Defendant was not identified as one of the armed robbers, but there was testimony that he was in the grocery store a matter of minutes before the robbery and bought cigarettes.

---

[1] See also *People v. Pruitt*, 16 Ill.App.3d 930, the appeal from conviction of an indicted co-defendant after a severed trial,

Defendant testified that he drank considerably during the day, and that he became intoxicated. He said that he left his bar and then went to his former wife's home to get her car to be fixed. He had some drinks there and then went back to the bar where he had more drinks and also took a Darvon tablet and also a pill which his former wife had given him to relax his muscles. He drank more at the bar and called a bartender to relieve him so he could get the car fixed. He remembered nothing that happened after he left the bar and until the crash. He remembered the crash but testified that his mind then went blank until he heard a police officer hollering and lights coming at him. He did not remember having been in the grocery store that day.

One of defendant's bartenders testified that she was of the opinion that the defendant was intoxicated at 4 P.M. on the day in question when she last saw him in the tavern. Another bartender testified that defendant was intoxicated when he left the tavern at 7 P.M. that same day. Defendant's former wife testified he was intoxicated when he left her house with the car in the afternoon. The officers, however, testified that they observed no signs that defendant was under the influence of alcohol or drugs either when apprehended or at the time shortly later when they conversed with the defendant and observed him after he was taken in custody.

Defendant's principal contention is that he proved that he was so intoxicated that he was incapable of forming the necessary intent to participate in the armed robbery; and that the contrary proof was insufficient to prove beyond a reasonable doubt that he possessed the requisite mental state (Ill. Rev. Stat. 1971, ch. 38, par. 6—3(a)) to commit the offense charged. We do not agree.

■■ The testimony of the defendant that he was unable to remember anything that he did during the time involved in the commission of the crime together with the evidence of his drunkenness raised questions of fact. For voluntary intoxication to be a legal excuse and render the specific intent to commit the crime impossible, the condition of intoxication must be so extreme as to suspend all reason (*People v. Rose* (1970), 124 Ill.App.2d 447, 451) and make impossible the existence of a mental state which is an element of the crime. (*People v. Walcher* (1969), 42 Ill.2d 159, 163; *People v. Gonzales* (1968), 40 Ill.2d 233, 241.) The jury could well have decided on the record that based on the officers' testimony the defendant was not intoxicated; or that under all the testimony he could not have been so intoxicated as to negate the required mental state.

■■ The weight to be given the conflicting testimony relating to intoxication depended upon the credibility of witnesses and thus was

peculiarly a province of the jury. The verdict was not palpably contrary to the manifest weight of the evidence and the conviction must therefore be affirmed. *People v. Rose* (1970), 124 Ill.App.2d 447.

■■ Defendant alternatively contends that his minimum sentence should be reduced from 5 years, which was the minimum under the law in effect on the date of the armed robbery, to a 4-year minimum consistent with the new Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, pars. 18—2 and 1005—8—1(b)(2)). We cannot determine from the record, including the comments of the trial judge in imposing the minimum sentence, that he would have imposed a lesser minimum sentence if authorized by law. We therefore affirm the judgment below, and remand the cause with directions to the trial court to determine whether defendant is entitled to a minimum sentence of 4 years under the new Unified Code of Corrections or whether the circumstances of the offense and the history and character of the defendant warrant the higher minimum term of 5 years originally imposed. See *People v. Drungole* (1973), 16 Ill.App.3d 139, 305 N.E.2d 647 (Abstract opinion).

Judgment affirmed and cause remanded.

GUILD and RECHENMACHER, JJ., concur.