662

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ODELL POWELL, Defendant-Appellant.

(No. 72-328;

Fifth District—April 16, 1975.

Stephen P. Hurley and Thomas F. Sullivan, Jr., both of State Appellate Defender's Office, of Mount Vernon, and Marilyn Kueper, Law Student, for appellant.

Howard Hood, State's Attorney, of Murphysboro, and William B. Ballard, Jr., of State's Attorneys Task Force, of Cairo, for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

After a jury trial in the Circuit Court of Jackson County the defendant was convicted of the offense of armed robbery and sentenced to a term of imprisonment of not less than 8 nor more than 15 years. This appeal followed.

The defendant's initial contention on appeal is that the court erred in refusing to admit into evidence a statement allegedly signed by Luther Leroy Wimberly. Wimberly had been indicted with the defendant for the armed robbery in question. He pled guilty to the lesser offense of robbery before the defendant proceeded to trial, however, and was called as a witness for the State at the defendant's trial. Wimberly testified that

he and the defendant did commit an armed robbery at Hart's Bread Store in Carbondale, Illinois, on January 21, 1972, as charged in the indictment.

On cross-examination Wimberly stated that pursuant to plea negotiations and to his plea of guilty to the charge of robbery he was sentenced to be confined in the Illinois State Farm at Vandalia for 1 year. He was also placed on probation for 5 years. Wimberly denied that he had been promised that, if he testified against the defendant, he, Wimberly, would be placed on probation. In an effort to impeach Wimberly's testimony that he had not made a deal in which he promised to testify against the defendant, defense counsel sought to introduce into evidence a two-page written statement which was signed by Wimberly. According to the written statement, a police officer had told Wimberly that he, Wimberly, would be freed or placed on probation if he testified against the defendant. Wimberly testified that he did sign the statement but only because the defendant had threatened to harm his family if he did not do so. Wimberly stated that he could not read, that he did not know what the statement contained when he signed it, that the statement was not in his writing and that he had not made a deal with the police or with anyone else. Wimberly further stated that he signed the document while he was incarcerated in the county jail in the presence of the defendant, Marvin Brown and other jail inmates.

Marvin Brown testified that he, Wimberly and the defendant were present in the county jail when Wimberly signed the statement. According to Brown, the statement was written by the defendant and was signed voluntarily by Wimberly. Brown did not know whether Wimberly could read but stated that Wimberly did hold the paper as if to read it before signing it. Brown also testified that Wimberly had stated that a police officer wanted him, Wimberly, to testify against the defendant.

At the close of Brown's testimony, defense counsel sought to introduce the statement signed by Wimberly into evidence. The trial court ruled that the statement would not be admitted because there was no proper foundation for it. The defendant now contends that the court erred. We disagree.

■■ It has been held that a prior inconsistent statement made by a defendant may not be used to impeach his testimony if the question of the voluntary character of that statement was undetermined. (*People v. Adams*, 1 Ill.2d 446, 115 N.E.2d 774.) In *People v. Hiller*, 2 Ill.2d 323, 118 N.E.2d 11, the rule was broadened to include statements of codefendants. Our supreme court subsequently extended the rule further so that statements of witnesses who where not codefendants at the time of the trial could not be used, even for impeachment purposes, unless the voluntary character of the out-of-court statements was first established.

(*People v. Tate*, 30 Ill.2d 400, 197 N.E.2d 26; *People v. Newman,* 30 Ill.2d 419, 197 N.E.2d 12.) When the voluntary nature of an out-of-court statement is put into question, the court, not the jury, must make a determination concerning the voluntariness of the statement. (*People v. King*, 22 Ill.App.3d 66, 316 N.E.2d 642.) A statement involuntarily made can in no way be held to be the statement of the person allegedly making the same. *People v. King.*

■■ In the instant case, the voluntariness of the written statement allegedly signed by Wimberly was brought into question. The evidence concerning the voluntariness of the statement was contradictory. The trial court was vested with the authority to make a finding concerning the voluntariness of the statement. If the court chose to believe Wimberly's testimony that he did not voluntarily make the statement in question, the court acted properly in finding that a proper foundation had not been laid for the admission of the statement into evidence. We find, therefore, that the court did not err in refusing to admit the statement signed by Wimberly into evidence.

■■ The defendant also contends that the State breached a duty in failing to disclose whether the testimony of Wimberly was a product of plea negotiations. The defendant cites *People v. Faulkner*, 7 Ill.App.3d 221, 287 N.E.2d 243, wherein it was held that a jury should be fully and truthfully informed as to all matters within the knowledge of the prosecution bearing upon the credibility of a witness. We agree with that statement of the law but find that *Faulkner* is significantly distinguished from the instant case. In *Faulkner*, the record revealed that a witness for the State either lied or was mistaken in her testimony. The record further revealed that the State's attorney either knew or should have known that his witness' testimony was incorrect. The appellate court held that it was incumbent upon the prosecution to correct the false testimony. The instant case differs in that the record does not reveal that a prosecution witness testified falsely or that the prosecutor withheld information bearing upon the credibility of Wimberly. Wimberly testified that his testimony was not the product of plea negotiations and that he testified against the defendant because he wanted to tell the truth. Brown contradicted Wimberly to a certain degree, but he did not state that Wimberly's testimony was the result of plea negotiations. Brown testified merely that a certain police officer had asked Wimberly to testify against the defendant. Thus, the record does not suggest that the prosecutor withheld information which should have been disclosed.

The defendant's final contention is that the cause must be remanded for resentencing pursuant to the provisions of the Unified Code of Corrections. (Ill. Rev. Stat., ch. 38, par. 1001—1—1 *et seq.*) The defendant

was sentenced to a term of 8 to 15 years for the offense of armed robbery. At the time of the sentencing, the minimum term that could be imposed for the offense of armed robbery was 5 years, but the minimum term was 8 years if the defendant had a prior conviction for armed robbery. (Ill. Rev. Stat. 1971, ch. 38, par. 18—2.) Because the defendant in the instant case did have a prior conviction for the offense of armed robbery, the 8-year minimum term he received was the lowest minimum term that could have been imposed. Since the Unified Code of Corrections became effective while the defendant's appeal was pending, the sentencing provisions of the Code are applicable. (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) Armed robbery is now classified as a Class 1 felony (Ill. Rev. Stat., ch. 38, par. 18—2.) for which the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term. (Ill. Rev. Stat., ch. 38, par. 1005—8—1(c)(2).) If a defendant is sentenced to the lowest possible minimum term for armed robbery under pre-Code law, and if that minimum term is in excess of the lowest possible term provided by the Code and the Code becomes effective while the defendant's appeal is pending, the cause should be remanded for resentencing. *People v. Davis*, 21 Ill.App.3d 177, 315 N.E.2d 79; *People v. Fuller*, 17 Ill.App.3d 1005, 309 N.E.2d 96; *People v. Drungole*, 16 Ill.App.3d 139, 305 N.E.2d 647.

■■ Accordingly, the judgment of conviction of the Circuit Court of Jackson County is affirmed and the cause is remanded with directions that a sentencing hearing be held and that a new minimum sentence of 4 years be imposed unless the court finds that the nature and circumstances of the offense and the history and character of the defendant warrant a higher minimum term.

Judgment of conviction affirmed; cause remanded with directions.

EBERSPACHER and CARTER, JJ., concur.