542 P.2d 397 (1975)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Gary Michael MEEKS, Defendant-Appellant.
No. 75-049.
Colorado Court of Appeals, Div. III.
September 16, 1975.
Rehearing Denied September 30, 1975.
John D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy State Atty. Gen., Edward G. Donovan, Sol. Gen., Thomas J.
*398 Tomazin, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colo. State Public Defender, Forrest W. Lewis, Deputy State Public Defender, Denver, for defendant-appellant.
Not Selected for Official Publication.
STERNBERG, Judge.
Defendant was charged with attempted robbery (§ 18-4-301(1), and § 18-2-101(1), C.R.S.1973), attempted theft (§ 18-4-401(1) and § 18-2-101(1), C.R.S.1973), and carrying a concealed weapon (§ 18-12-105, C.R.S. 1973). After trial to a jury, defendant was found guilty on all counts. He was sentenced to the penitentiary and appeals. We affirm.
Defendant dressed in a bizarre manner, entered a convenience grocery store on the evening of July 7, 1974. He wandered around the store for five or ten minutes causing the salesclerk to become "a little leery." The clerk telephoned the police and requested their help. Before they arrived, the defendant went to the counter and asked the clerk if he had "heard of the SLA" and then told him to "put money in the bag." As the clerk started to comply, a police car appeared. The clerk called the defendant's attention to the police vehicle, and the defendant inquired of him if he had ever been shot. The defendant started to walk out of the store, and the police officer apprehended him. The officer discovered a large knife on defendant's person.
Defendant's first allegation of error concerns the refusal of the trial court to give his tendered jury instruction defining robbery as a specific intent crime. This refusal, claims defendant, resulted in the jury not being informed that one of the elements of robbery is that "defendant must have a specific intent to deprive another person of a thing of value." Under § 18-4-301(1), C.R.S.1973, a person is guilty of simple robbery if he "takes anything of value from the person or presence of another by the use of force, threats, or intimidation." Nowhere in the statute defining robbery is there any indication that one of the elements of robbery is the intent to deprive another person of a thing of value. In Colorado, simple robbery has not been viewed as a specific intent crime. See Jones v. People, 146 Colo. 40, 360 P.2d 686; see also Hampton v. People, 171 Colo. 101, 465 P.2d 112. Moreover, the trial court's instruction regarding the elements of robbery was not only in direct conformity with the statute, but also mirrored the language of the Colorado Jury Instructions (Criminal) § 15:1. An instruction which is phrased in the language of the statute is sufficient. See People v. Bowen, 182 Colo. 294, 512 P.2d 1157.
Defendant's second contention is that the trial court erred in refusing to permit him to call an unendorsed witness. Prior to trial, the court had entered an order pursuant to Crim.P. 16(c) that defendant notify the prosecuting attorney of the nature of his defenses and the identity of his witnesses. Defendant's counsel sought to call an unendorsed witness, a physician who had examined defendant shortly after his arrest, to clarify the fact that defendant was under the influence of drugs or alcohol at the time of the alleged crime. The police officer's written report of the incident indicated that to be the case, but his testimony at trial allegedly did not disclose that fact. Defendant claims that the officer's testimony constituted surprise which should have prompted the court to allow use of the physician's testimony. We note that his offer of proof of what the physician would have said was couched only in general terms.
"The allowance of late endorsements of witnesses lies within the discretionary power of the trial court and rulings therein will be upset only for a clear abuse of discretion." People v. Buckner, 180 Colo. 65, 504 P.2d 669. Here, the record shows that the police officer did testify that defendant appeared to be going through some kind of drug withdrawal, and the incident report containing the officer's statement about drugs or alcohol was admitted. Hence, the *399 court's refusal to permit the physician's testimony was not an abuse of discretion.
Defendant's final contention is that his conviction of both attempted robbery and attempted theft violated his constitutional right against double jeopardy since theft is a lesser included offense of robbery. This allegation is answered by the holding of the Supreme Court in People v. Moore, Colo., 518 P.2d 944, that theft is not a lesser included offense of robbery. Since theft is not a lesser included offense, the two offenses did not merge, and thus, no double jeopardy violation is encountered. See Blockberger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; and People v. Hancock, Colo., 525 P.2d 435. Thus, we find no merit in this allegation of error.
Judgment affirmed.
PIERCE and VanCISE, JJ., concur.