THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH WHITE, Defendant-Appellant.

First District (3rd Division)   No. 62504

Opinion filed July 15, 1976.

James J. Doherty, Public Defender, of Chicago (James J. O'Regan and Marilyn D. Israel, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Donna Jean Ramey, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

This case presents the sole legal issue of whether, in Illinois, voluntary intoxication is a defense to the crime of armed robbery.

After a trial without a jury in the circuit court of Cook County, defendant was found guilty of armed robbery and was sentenced to a

term of four to ten years. Defendant does not dispute the facts as presented in the trial court including the fact that he participated in the armed robbery, but argues that, as a result of his being voluntarily intoxicated at the time, he could not have possessed the requisite mental state to commit the crime.

On October 30, 1973, at about 10 p.m., defendant and an accomplice robbed a Holiday Inn. Defendant, while armed, took cash and motel refund slips from the cash register. He also took a ring and $7 from the wallet of one of the clerks. Defendant attempted to force one of the employees to obtain the key to the motel vault. When informed that only the manager had the vault key, defendant and his accomplice fled. Two police officers pursued the robbers through the lobby and out the door. One of the officers grabbed defendant by the collar as he was climbing a catwalk and, as a result, defendant's gun discharged, injuring himself in the foot.

Duane Teller testified for the defense that on the day in question he was with defendant at a party in the afternoon. The witness and defendant left the party at about 7:30 p.m. and defendant was voluntarily intoxicated. When they left the party, defendant became hostile to the witness. Eddy Two Rivers testified that he was at the party that afternoon from 3 p.m. to 4:30 p.m. During that time, defendant was drunk. The trial court found that, as a matter of fact, defendant was intoxicated, but held that intoxication was not a defense to the crime of armed robbery.

A few States, both through statutes and court rulings, have adopted the view that voluntary intoxication is not a valid defense when an individual is charged with criminal acts perpetrated while under the influence of alcohol or drugs. These jurisdictions have adopted this interpretation as absolute, prohibiting any use of voluntary intoxication as an affirmative defense to criminal conduct. (See Annot., 8 A.L.R.3d 1236, 1240 (1966).) A more common position, adopted by a majority of jurisdictions including Illinois, is that under certain conditions voluntary intoxication can be used as a defense when it is so severe as to negate intent. Thus its use as a defense is only available regarding a crime which traditionally has been labeled as a "specific intent" crime. See 22 C.J.S. *Criminal Law* §§66-68 (1961); 21 Am. Jur. 2d *Criminal Law* §107 (1965).

Illinois, by statute, has made provision for the use of voluntary intoxication as a defense in certain criminal cases. The statute requires that the intoxication must be such that it negatives the existence of a mental state which is an element of the offense. Ill. Rev. Stat. 1971, ch. 38, par. 6—3.

■■ The Illinois statute regarding armed robbery provides that a person commits the offense when he takes property from the person or presence of another by the use of force while armed with a dangerous

weapon. (Ill. Rev. Stat. 1971, ch. 38, pars. 18—1 and 2.) Defendant concedes in his brief that the armed robbery statute does not state expressly that either intent or knowledge is an element of the offense, but urges that intent is an implied element of the offense.

■■ However, it long has been held in Illinois that intent is not an element of the crime of robbery. (*People v. Whelan* (1971), 132 Ill. App. 2d 2, 267 N.E.2d 364; *People v. Johnson* (1931), 343 Ill. 273, 175 N.E. 394; *People v. Hawkins* (1973), 14 Ill. App. 3d 549, 302 N.E.2d 128; *People v. Marshall* (1968), 96 Ill. App. 2d 124, 238 N.E.2d 182; *People v. Charleston* (1969), 115 Ill. App. 2d 190, 253 N.E.2d 91, *rev'd on unrelated grounds* (1970), 47 Ill. 2d 19, 264 N.E.2d 199.) Since intent is not a requisite element of the offense, Illinois courts have specifically held that voluntary intoxication is not a defense to robbery. (*People v. Berlin* (1971), 132 Ill. App. 2d 697, 270 N.E.2d 461; *People v. Bray* (1964), 52 Ill. App. 2d 384, 202 N.E.2d 152; *People v. Hawkins*; however, see *People v. Fuller* (1974), 17 Ill. App. 3d 1005, 309 N.E.2d 96.) We recognize that the Illinois holdings that intent is not an element of the crime of robbery reflect a minority position. (77 C.J.S. *Robbery* §22 (1951); 67 Am. Jur. 2d *Robbery* §15 (1973).) These holdings, though, find support in other jurisdictions with substantially identical statutes. *People v. Meeks* (Colo. App. 1975), 542 P.2d 397. See also *United States v. Hartfield* (9th Cir. 1975), 513 F.2d 254.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

MEJDA, P. J., and DEMPSEY, J., concur.