884

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JETHROE MOSLEY, Defendant-Appellant.

Fifth District   No. 5—84—0644

Opinion filed July 17, 1986.

Randy E. Blue, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, and Joseph J. Ciaccio, Sr., of counsel), for the People.

PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

The sole issue presented by the instant appeal is whether the trial court violated the precepts of *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, when it denied the defendant's motion *in limine* and allowed the State to introduce evidence of the defendant's prior convictions during the course of his trial for murder.

The events leading to these proceedings occurred on the night of February 29, 1984. Angela George testified that the defendant, with whom she and the defendant's mother lived, and another man told her that they were going to go out to make some money. She asked if she could go along. She testified that they then drove her to a store named Guchonies and let her out, saying they were going to get some gas. Ms. George recalled that she went into the store and upon leaving, a man in a white van in the parking lot asked her for a date. According to Ms. George, a price was agreed upon and they drove to a parking area behind the Gomper's Homes. She testified that she and the man climbed into the back of the van and she had removed some of her clothing when "they busted in and said, police." She said that she then jumped up, recognized the defendant as one of the men, jumped out of the van and ran. She said that she heard two or three gunshots as she was running away. Ms. George testified that she recognized the other man as "Roland," and recognized the defendant's gun in his hand. She further testified that later that night at home, the defendant told her not to tell anyone what happened. However, when Detective Carl Brinkley and another officer later questioned Ms. George regarding the murder, she told them what had happened in order to avoid "getting a case." Ms. George subsequently moved to Atlanta, Georgia, and did not return to the defendant's home.

It was shown at trial that the defendant's gun, which was recovered from the defendant's mother, had fired the fatal shots. The defendant's mother testified, however, that the gun had been given to her by Ms. George. The defendant testified that he did not recall his whereabouts on February 29, 1984, that he had not shot the decedent nor did he know anything about the incident. He said that he had loaned his gun to his friend, Melvin Romious, prior to the incident.

In order to impeach Ms. George and establish her motive for implicating the defendant, the defense also presented the testimony of Talia Gayles, a former girlfriend of the defendant who testified that she and Angela George had had words concerning the affections of defendant and that Angela George told Ms. Gayles that "if she couldn't have him [the defendant], wasn't nobody going to have him."

The instant appeal arises out of the following events at trial. The State had presented its case and rested and the defense had presented one witness when the court declared a recess. The following discussion occurred in chambers:

"MR. PORTER [Defense counsel]: Your Honor, I have a motion in limine as to prior convictions.

THE COURT: Denied."

The defense then completed its presentation of the case consisting of the testimony of three witnesses, including the defendant. When asked, the State indicated that it had no rebuttal, and the court called a short recess for the purpose of holding a jury-instructions conference. In chambers, the assistant State's Attorney said:

"I don't know if I used the magic words, I rest, if I have I'd ask to re-open open [*sic*] for the limited purpose of introducing an impeachment prior conviction of the defendant. We have a certified copy of the prior convictions in St. Clair County in 1978 for Armed Robbery and Attempted Murder. I'd ask to use the Armed Robbery not the Attempt Murder to read into the record."

The court allowed the State's request over the objection of defense counsel, and the potential need for a limiting jury instruction was discussed. Upon returning to the courtroom, the assistant State's Attorney read the record of the defendant's conviction to the jury as follows:

"Your Honor, I have one piece of rebuttal evidence before we—Your Honor, at this time I'd like to read into the record a certified copy of conviction. I'd read into the record that on August 7th, 1978, Jethroe Mosley entered a plea to the offense of Armed Robbery, in St. Clair County Circuit Court and was sen-

tenced for that crime on September 15, 1978."

The court then allowed the certified record of the prior conviction to be entered into the record and the State rested. Closing arguments were made and the jury returned a verdict finding the defendant guilty of the offense of murder.

The defendant argues that the court's "arbitrary and capricious" denial of the defendant's motion *in limine* was reversible error. This argument is founded upon the principles enunciated by our supreme court in *People v. Montgomery* (1971), 47 Ill. 2d 510, 518-19, 268 N.E.2d 695, 699-700, where it was held that evidence of a defendant's prior conviction is admissible under the terms set forth in proposed Rule 609 of the Federal Rules of Evidence, but only so long as certain conditions are met. One of those conditions is that the judge determine that the probative value of the evidence of the crime substantially outweighs the danger of unfair prejudice in introducing it. In making that determination, the following facts are to be considered: "[t]he nature of the crime, nearness or remoteness in time of the conviction to the present trial, the subsequent career of the person, and whether the crime was similar to the one charged." *People v. Spates* (1979), 77 Ill. 2d 193, 205, 395 N.E.2d 563, 569; *People v. Montgomery* (1971), 47 Ill. 2d 510, 518, 268 N.E.2d 695, 699-700, citing with approval *Gordon v. United States* (D.C. Cir. 1967) 383 F.2d 936, 940.

The defendant maintains that the trial judge could not have properly considered these factors because at the time that the court summarily denied the defendant's motion *in limine*, it did not have knowledge of any of the relevant considerations. Defense counsel had merely moved to exclude "prior convictions" so that the court was not aware of the nature of those convictions, the dates involved, the subsequent career of the defendant or the similarity, if any, between the offenses. Moreover, the defendant argues, the judge's failure to properly consider those factors resulted in reversible error because the jury's knowledge of the defendant's prior conviction could have tipped the scale in favor of his conviction. Defendant asserts that this is particularly true in a close case such as this where the credibility of witnesses was crucial and the prior conviction was for armed robbery, thereby supporting the State's theory that the defendant murdered the victim while robbing him. Finally, the defendant argues that the evidence of the defendant's conviction for armed robbery in 1978 had little probative value, but great prejudicial impact and, as such, rendered the defendant a "dead duck" (*People v. Montgomery* (1971), 47 Ill. 2d 510, 514, 268 N.E.2d 695, 697) upon its introduction.

The State responds that while the court did not initially consider

the *Montgomery* factors in denying the defendant's motion *in limine*, the court did consider those factors prior to the State's eventual introduction of the disputed prior conviction into evidence. It is the State's position that the defendant's motion *in limine*, made as it was during the defendant's presentation of its case, was offered at an inappropriate time and was not properly presented insofar as the defendant failed to inform the court of the relevant factors it needed to consider. More importantly, the State maintains that the court did not allow the introduction of the evidence until it had been made aware of the appropriate factors. Moreover, the State argues, it is apparent from the record that the court was aware of the potential *Montgomery* problem because before the evidence was introduced, defense counsel informed the court that in the opinion of defense counsel, a jury instruction limiting the jury's use of a prior conviction would unduly emphasize that conviction and for that reason such an instruction would not be submitted. The State notes that the court then asked whether the State intended to giving a limiting instruction. The State maintains, therefore, that any error that occurred in the court's initial summary denial of the defendant's motion *in limine* was cured before the evidence of defendant's prior conviction was presented to the jury. We agree.

■ There are essentially two questions before us: (1) was the prosecutor's method of introducing the defendant's prior conviction proper (*i.e.,* by reopening its case and offering it as rebuttal); and (2) if so, did the court properly allow the introduction of the evidence in accord with the requirements of *Montgomery*. While we believe that it would have been better if it had not been necessary for the State to reopen its case in order to present the evidence of the defendant's prior conviction in rebuttal, we do not believe that a clear abuse of discretion or prejudice to defendant has been shown. (See *People v. Davis* (1970), 126 Ill. App. 2d 114, 118, 261 N.E.2d 428, 430.) It has been found to be proper to permit the prosecution to reopen its rebuttal evidence to prove the defendant's prior convictions (see *People v. Rose* (1970), 124 Ill. App. 2d 447, 452, 259 N.E.2d 393, 396-97), and we see no abuse of discretion in the trial court's actions here.

■ Turning then to the propriety, in light of *Montgomery*, of allowing the prosecution to introduce the evidence of defendant's prior conviction, we note that the prior conviction in question here meets the first *Montgomery* requirement for admission in that it was less than 10 years old. This leaves us with the remaining question of whether the court made an informed determination that the probative value of the evidence outweighed the prejudicial effect of its introduction.

■ It must be borne in mind here that the trial court actually

made two rulings concerning introduction of the defendant's prior conviction. The first was made in response to the defendant's motion *in limine*; and the second was made during the jury instructions conference when the prosecution sought to reopen its case to introduce the prior-conviction evidence as impeachment of the defendant in rebuttal. While it is evident that the court was not cognizant of all the *Montgomery* factors at the time it made the first ruling, it had been fully advised of the instant charges and was advised of both the nature of the prior crime and the date of its occurrence prior to the second ruling. The first critical question then is which ruling controls. If the first ruling is considered the court's determinative judgment on the matter, the absence of *Montgomery* factors before the court for consideration at that time would support the defendant's contention that the court erred in not considering *Montgomery*. If, on the other hand, the first ruling were not determinative, the question becomes whether the court properly considered *Montgomery* in allowing the introduction of the evidence at the time of its second ruling. Our review of the record leads us to believe that the court's initial ruling on the defendant's motion *in limine* was merely preliminary. It is acceptable and standard practice for a trial court to deny a motion *in limine* initially and then allow the moving party to object at the time the evidence is later sought to be introduced. (See R. Hunter, Trial Handbook for Illinois Lawyers sec. 5.4 (5th ed. 1983).) In the instant case, given the fact that the defendant's motion *in limine* was made during the defendant's presentation evidence and before all of the evidence in the case had been presented, the trial court was simply not in a position to judge the probative value of the evidence as compared with its prejudicial impact at the time the motion was made. The trial court thus preliminarily denied the defendant's motion, expecting the defendant to object when the State later sought to introduce the convictions. We conclude then that the first ruling was not determinative of the matter and that the court's summary denial thereof was not error.

■■ At the time that the trial court ruled on the issue the second time, however, it had before it the fact that the prior offense resulted from a 1978 plea of guilty to the offense of armed robbery. While the State was required to reopen its case to present the evidence, at the time that the State so moved, the defendant objected and the court was at that time apprised of both the nature of the crime and the date it occurred. The potential need for a limiting jury instruction was discussed and, upon being advised by both parties that such an instruction would not be submitted, the court allowed the prosecution to reopen its case and read into the record the evidence of defendant's prior convic-

tion. The trial court thus had before it the type of offense, its nearness or remoteness in time, the similarity between the offenses and the defendant's subsequent criminal career. The court also considered the potential prejudice to defendant as evidenced by its request for and discussion concerning a limiting instruction under *Montgomery*. We believe, therefore, that prior to the State's introduction into evidence of the defendant's prior conviction the court properly considered whether, as required by *Montgomery*, the probative value of the evidence outweighed its prejudicial impact. The trial court is not required to enumerate for the record the factors he has considered; consideration of those factors must merely be apparent from the record. *People v. Cornes* (1980), 80 Ill. App. 3d 166, 176-77, 399 N.E.2d 1346, 1353-54.

At oral argument the defendant contended that the judge's initial summary ruling worked to his prejudice because he elected to testify in an attempt to dissipate some of the prejudicial effect of the State's potential introduction of that evidence. This argument is fallacious, however, because the prior conviction was sought to be introduced in order to impeach the credibility of the defendant. It would not have been admissible at all had the defendant not testified. Phrased another way, the defendant could not have been prejudiced by the court's initial ruling because if, as the defendant argues, he elected to testify in order to reduce the prejudicial effect on the jury of hearing of his prior conviction, the defendant could have simply prevented the introduction of the evidence by not testifying. While we have said that the court's summary ruling on the motion *in limine* was not error, we note parenthetically that even if that ruling had been in error, it was harmless in view of the fact that the disputed evidence was not introduced into evidence until the court had properly considered the *Montgomery* factors.

We conclude, therefore, that the trial court did not err when it initially denied the defendant's motion *in limine* to exclude the evidence nor did it err when it allowed the prosecution to reopen its case and introduce the evidence of the defendant's prior conviction for attempted armed robbery.

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

JONES and HARRISON, JJ., concur.